The judgment of the court was pronounced by
Rost, J.
This is an hypothecary action. In 1830, Lloy Landry was appointed dative tutor of the plaintiff. In 1843, the plaintiff sued him for an account of the tutorship, and obtained against him a judgment for the sum of twelve hundred and seventy-eight dollars, besides interest. The judgment was *590 in part satisfied, and the execution issued thereon returned no property found to satisfy a balance of eight hundred and sixty-three dollars and forty-five cents. The plaintiff now seeks to enforce his legal mortgage for that amount on a slave in the possession of the defendant, which belonged to Eloy Landry during the tutorship; besides adducing in evidence this judgment against Eloy Landry, and also the execution and the return thereon, he has proved the reality of his claim, and complied with all the formalities required in the action of mortgage.
The defendant urges, as grounds of defence, that he acquired the slave in controversy at a judicial sale made at the suits of some of the creditors of Eloy Landry, and that the slave passed to his possession free from incumbrance. He further alleges that, at the time of the institution of this suit, he had been in possession for five years under the sheriff’s sale, and that the claim of the plaintiff is barred by prescription. He prays that the creditors who caused the slave to be seized and sold be cited in warranty; and that in case he is compelled to surrender the slave, he may have judgment against them for the value thereof. These parties answered, denying the allegations in the answer and the right of the defendant to call them in warranty.
There was judgment against the defendant condemning him to deliver the slave claimed in default of paying the sum due the plaintiff. The judgment also rejected the claim in warranty. The defendant has appealed.
The sale of the slave under execution did not affect the legal mortgage of the plaintiff, and the prescription which the defendant invokes is not applicable to the case. Our code, differing in that respect from the code of France, contains no express disposition on the prescription of mortgages. Under article 713 of the Code of Practice, the defendant’s recourse is against Landry alone; he has no right to call the seizing creditors in warranty.
The judgment is affirmed, with costs.